[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

SMALL BUSINESS IN TRANSPORTATION COALITION, INC.,

Petitioner,

v.

FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, et al.,

Respondents.

No. 26-1155

**REPLY IN SUPPORT OF RESPONDENTS' CROSS-MOTION TO SUMMARILY DISMISS OR DENY THE PETITION**

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY ........ 1

ARGUMENT ........ 3

CONCLUSION ........ 9

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*ASARCO, Inc. v. Kadish*,
490 U.S. 605 (1989) .......... 4

*Block v. SEC*,
50 F.3d 1078 (D.C. Cir. 1995) .......... 3, 8-9, 9

*Campaign Legal Ctr. v. FEC*,
860 F. App'x 1 (D.C. Cir. 2021) .......... 6

*Chamber of Com. of the U.S. v. EPA*,
642 F.3d 192 (D.C. Cir. 2011) .......... 1, 3

*Hydro Invs., Inc. v. FERC*,
351 F.3d 1192 (D.C. Cir. 2003) .......... 6

*Karimova v. Abate*,
No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024) .......... 3, 9

*Public Citizen v. Nuclear Regul. Comm'n*,
845 F.2d 1105 (D.C. Cir. 1988) .......... 2, 7, 8

*Public Citizen, Inc. v. National Highway Traffic Safety Admin.*,
489 F.3d 1279 (D.C. Cir. 2007) .......... 1-2, 3, 4, 5

**Statutes:**

5 U.S.C. § 555(b) .......... 3, 8

28 U.S.C. § 2344 .......... 2

49 U.S.C. § 31312 .......... 7

# GLOSSARY

| | |
|---|---|
| California Order | FMCSA, U.S. Dep't of Transp., *Notice of Final Determination of Substantial Noncompliance* (Jan. 7, 2026) (reproduced at A9) |
| CDL | Commercial Driver's License |
| Decertification Petition | Letter From Small Business in Transportation Coalition to Secretary of Transportation (May 27, 2025) (reproduced at A1) |
| FMCSA | Federal Motor Carrier Safety Administration |
| New York Order | FMCSA, U.S. Dep't of Transp., *Notice of Final Determination of Substantial Noncompliance* (Apr. 16, 2026) (reproduced at A19) |
| SBTC | Small Business in Transportation Coalition, Inc. |

## INTRODUCTION AND SUMMARY

Small Business in Transportation Coalition, Inc.'s (SBTC)[1] response leaves it unclear whether SBTC still requests summary relief in its favor. SBTC Opp'n 4 (requesting that the Court "permit the Petition to proceed under the ordinary briefing schedule"). But the substance of that` response only confirms that summary dismissal is appropriate for the reasons explained in the government's cross-motion.

First, SBTC lacks standing to pursue any of its claims. SBTC appears to argue that because some number of unnamed members allegedly drive commercial vehicles, it has standing to challenge any agency action that affects the overall incidence of highway traffic accidents. SBTC Opp'n 5. But that is not the law. SBTC needed to present *evidence* that the Federal Motor Carrier Safety Administration (FMCSA) has placed one or more *identified* members in danger of *imminent* injury. *Chamber of Com. of the U.S. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011); *Public Citizen, Inc. v. National Highway Traffic*

---

[1] Acronyms and capitalized terms used in this reply have the same meaning as in the government's motion to summarily dismiss or deny the petition for review.

*Safety Admin.*, 489 F.3d 1279, 1295-98 (D.C. Cir. 2007). SBTC has made no effort to meet any aspect of that burden.

Second, this Court lacks statutory jurisdiction to review SBTC's direct challenge to the New York and California Orders. The Hobbs Act permits review of those orders only on a petition for review filed by a "party aggrieved," 28 U.S.C. § 2344, but SBTC played no part whatsoever in the agency proceedings that produced them. SBTC cannot avoid that fundamental limitation on Hobbs Act review by describing its claim as a challenge to FMCSA's purportedly "independent failure to issue [the] decertification[s]" that it asserts the New York and California Orders *should* have included. SBTC Opp'n 7. SBTC's challenge is clearly "targeted [at] the sufficiency" of those final orders. *Public Citizen v. Nuclear Regul. Comm'n*, 845 F.2d 1105, 1108 (D.C. Cir. 1988). Put another way: "The agency has acted. . . . [SBTC] just do[es] not like what [it] did." *Id.* (citations omitted).

Third, SBTC's claim that FMCSA has unreasonably *delayed* a decision on the Decertification Petition fails because the agency has no enforceable duty to respond to that petition *at all*. Citing no authority, SBTC asserts that an "ancillary" provision of the Administrative

Procedure Act imposes such a duty. *See* 5 U.S.C. § 555(b) (cited at SBTC Opp'n 12-13). This Court has repeatedly rejected arguments that this provision independently establishes any "right to a determination" that no other statute or regulation requires the agency to make. *Block v. SEC*, 50 F.3d 1078, 1084-85 (D.C. Cir. 1995) (quotation marks omitted); *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *3-5 (D.C. Cir. July 24, 2024) (per curiam).

## ARGUMENT

**Article III Standing.** SBTC does not dispute that to overcome a motion to dismiss, it bears the burden to demonstrate standing by evidence rather than counsel's allegations. SBTC Opp'n 4; Gov't Mot. 14-15. As relevant here, that evidence must accomplish two things: (1) "specifically identify" at least one individual member from whom SBTC claims that its standing derives, *Chamber of Com. of the U.S. v. EPA*, 642 F.3d 192, 199-200 (D.C. Cir. 2011) (quotation marks omitted); *see also Public Citizen, Inc. v. National Highway Traffic Safety Admin.*, 489 F.3d 1279, 1294 (D.C. Cir. 2007) (explaining that organizations may not show standing by "aggregating" the claims of multiple members that would be "remote or speculative taken by themselves" (quoting

*ASARCO, Inc. v. Kadish*, 490 U.S. 605, 615 (1989))), and (2) establish that FMCSA's challenged action or inaction has caused at least one such person to face a risk of harm sufficient to satisfy Article III's requirement that an injury in fact be "imminent— . . . not remote, speculative, conjectural, or hypothetical," *Public Citizen*, 489 F.3d at 1293. Demonstrating imminence on a risk-of-harm theory such as SBTC's requires evidence showing "*both* (i) a *substantially* increased risk of harm [traceable to the agency's action or inaction] and (ii) a *substantial* probability of harm with that increase taken into account." *Id.* at 1295.

As the government explained, Gov't Mot. 15-18, SBTC's initial filings proffered no evidence *of any kind*, let alone evidence sufficient to meet this Court's "very strict understanding of what increases in risk and overall risk levels can count as 'substantial,'" *Public Citizen*, 489 F.3d at 1296.

SBTC's opposition to dismissal has not filled that gap. It emphasizes record materials showing serious deficiencies in New York's process for issuing non-domiciled Commercial Driver's Licenses (CDL), which resulted in the issuance of numerous licenses that failed to

comply with federal requirements. SBTC Opp'n 4-5. But SBTC does nothing to connect those issues to a showing that any *individual* motor carrier (let alone an individual SBTC member, none of whom are identified here) faces a *substantial probability* of *imminent* injury because FMCSA has not decertified New York's CDL issuance program in response to those deficiencies, but has instead taken other action. Even accepting that all motorists incur some "fractional chance" of future benefit or harm when FMCSA acts, that FMCSA's enforcement decisions affect highway safety writ large does not establish standing based on a risk-of-harm theory. *Public Citizen,* 489 F.3d at 1295. Indeed, on that approach, every motorist would have an equal claim to standing. Instead, "disputes about future events where the possibility of harm to any given individual is remote and speculative are properly left to the policymaking Branches, not the Article III courts." *Id.*

SBTC is likewise wrong to maintain that its unreasonable-delay claim is "independently reviewable" because FMCSA's failure to decide the Decertification Petition is a "concrete procedural injury." SBTC Opp'n 6. "Settled precedent says otherwise"—"the deprivation of a procedural right alone, like an agency's failure to process an

administrative complaint, is insufficient to create Article III standing." *Campaign Legal Ctr. v. FEC*, 860 F. App'x 1, 4 (D.C. Cir. 2021) (per curiam) (quotation marks omitted); *see also Hydro Invs., Inc. v. FERC*, 351 F.3d 1192, 1197 (D.C. Cir. 2003) ("Any other rule would allow Congress to create federal jurisdiction by the simple expedient of granting any party—no matter how far removed from the true controversy—a right to petition the agency . . . . If the party petitioning the agency lacks Article III standing, he has not been independently wronged simply because the agency denied his advisory request.").

**Hobbs Act Jurisdiction.** SBTC does not dispute that this Court also lacks statutory jurisdiction over the petition to the extent it asserts a "direct challenge to the validity of the California or New York . . . orders." SBTC Opp'n 6-7. SBTC does not argue that it was a party to either FMCSA proceeding, or dispute that any direct challenge to the California Order would be untimely. *Id.*; Gov't Mot. 19-22. SBTC argues instead that it is not challenging the New York and California Orders at all—only FMCSA's purportedly "independent failure to issue decertification[s]." SBTC Opp'n 7.

That self-serving characterization is belied by SBTC's prior filings, which unambiguously show that the petition "target[s] . . . the sufficiency" of those final orders. *Public Citizen v. Nuclear Regul. Comm'n*, 845 F.2d 1105, 1108 (D.C. Cir. 1988); *see* Pet. 1 ("[SBTC] hereby petitions this Court for review of [the New York Order] . . . insofar as failure to decertify . . . violates 49 U.S.[C.] § 31312 . . . ."); Pet. 5 ("Petitioner timely challenges the [New York Order] . . . within 60 days."); *id.* ("We ask for a review of both final findings of non-compliance . . . ." (citation omitted)); SBTC Mot. 3 ("[FMCSA] may not identify substantial noncompliance, acknowledge the deficiency, and then refrain from issuing the statutorily required decertification order."); *id.* at 8 ("If the final noncompliance findings for California and New York are valid and final, then the only question is whether the statute commands decertification.").

More fundamentally, this Court has held that petitioners may not "make a nullity" of the Hobbs Act's jurisdictional limitations by "dress[ing] up" an objection to final agency action as a challenge to the agency's failure to take a different action that the petitioner would have preferred. *Public Citizen*, 845 F.2d at 1108. This Court should refuse

SBTC's attempt to do the same in this case, where there is no genuine dispute that "[t]he agency has acted"—SBTC "just do[es] not like what [it] did." *See id.*

**Unreasonable Delay.** SBTC likewise does not dispute that mandamus is available only to compel action that an agency is legally required to take, and that no statute or regulation specifically requires FMCSA to respond to petitions for agency action other than rulemaking. *See* SBTC Opp'n 12-13; Gov't Mot. 28-30.[2] It argues (SBTC Opp'n 12-13) instead that FMCSA is required to do so under 5 U.S.C. § 555(b), an "ancillary" provision of the Administrative Procedure Act that generally requires each agency to "within a reasonable time . . . conclude a matter presented to it." 5 U.S.C. § 555(b).

SBTC's reliance on § 555(b) alone cannot be squared with this Court's precedent, which flatly rejects the argument that it "grants any interested person a right to compel agency action" merely by filing a petition that is not authorized by any other source of law. *Block v. SEC*,

---

[2] SBTC obliquely suggests that agencies may not manipulate the distinction between rulemaking and other petitions by "refusing to label or process a submission." SBTC Opp'n 13. But it does not (and could not) suggest that FMCSA did so here, where the Decertification Petition on its face seeks non-rulemaking relief.

50 F.3d 1078, 1085 (D.C. Cir. 1995). Section 555(b) "is universally understood to establish the right of an interested person to participate" in a proceeding that is already "on-going" after being properly instituted under some other provision of law, rather than a standalone basis on which an agency may be required to start a proceeding afresh. *Id.*; *see also Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *4-5 (D.C. Cir. July 24, 2024) (per curiam) (noting that § 555(b) *does* impose enforceable obligations to respond to petitions that are authorized by a separate regulation). SBTC's claim that § 555(b) independently affords it a judicially-enforceable "right to a determination" on demand is "quite wrong, for otherwise no refusal to act—with respect to enforcement or anything else—would be reserved to agency discretion," and a significant swath of hornbook administrative law "would be rendered meaningless." *Block*, 50 F.3d at 1085.

## CONCLUSION

For the foregoing reasons, the petition for review should be dismissed for lack of Article III standing. In the alternative, the petition

should be dismissed in part for lack of Hobbs Act jurisdiction, and the balance should be summarily denied.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
BRAD HINSHELWOOD

*s/ Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD
*Attorneys, Appellate Staff*
*Civil Division, Room 7219*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3306*
*gabriel.i.schonfeld@usdoj.gov*

September 2026

## CERTIFICATE OF COMPLIANCE

This reply in support of a motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) and Circuit Rule 27(c) because it contains 1,788 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*s/ Gabriel I. Schonfeld*
Gabriel I. Schonfeld